UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DACASTA DIMITRIOS JOHNSON,

    Plaintiff,

        – against –

NASSAU COUNTY CORRECTIONAL CENTER,
et. al.

    Defendants.

----------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
10-CV-3124 (JFB)(ARL)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ OCT 14 2011 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Plaintiff Dacasta Dimitrios Johnson ("plaintiff") filed the complaint in the instant action on July 8, 2010 against Nassau County Correctional Center, Nassau County Sheriff Department, Sheriff Spasato and Deputy Sheriff Benson (collectively, "defendants"). The complaint alleges civil rights violations under 42 U.S.C. § 1983.

On January 10, 2011, Magistrate Judge Lindsay issued an Order scheduling an initial conference for February 16, 2011. A copy of the Order was mailed to plaintiff by the court. The mail was returned as undeliverable on February 10, 2011. On February 10, 2011, Magistrate Judge Lindsay issued an Order adjourning the initial conference to March 16, 2011. A copy of the Order was mailed to plaintiff by the court. On March 3, 2011, the mail was returned as undeliverable. On March 14, 2011 defendants wrote the court detailing their attempts to communicate with plaintiff. Defendants indicated that they had made several attempts to contact

the plaintiff by phone but had unable to reach him since the prior month. On March 16, 2011 plaintiff failed to appear for proceedings before Magistrate Judge Lindsay. Defendants' counsel moved to dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. At the conference on March 16, 2011, Magistrate Judge Lindsay issued a report and recommendation (the "R&R") that the matter be dismissed for failure to prosecute. The R&R instructed plaintiff to submit any objection within ten days. Plaintiffs did not file any objection. For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the instant action without prejudice pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d

Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

In considering these factors, courts have routinely found that "it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify

dismissal for failure to prosecute." *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g., Parris v. Local 32B-32J*, No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n.1 (S.D.N.Y. June 12, 1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

Here, plaintiff failed to communicate with defendants in anticipation of the initial conference and failed to appear before Magistrate Judge Lindsay at the initial conference. In addition, plaintiff has failed to apprise the Court of any change in address.[1] Nearly seven months have passed since plaintiff was advised to file objections to Magistrate Judge Lindsay's R&R, and plaintiff was advised in the R&R that his failure to file objections would waive the right to appeal the dismissal. Despite that warning, plaintiff filed no objection. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to

---

[1] Plaintiff is aware of his obligation to provide any change of address because, in fact, has done so in the past.

defendant by retaining open lawsuits with no activity.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

In sum, dismissal for failure to prosecute is clearly warranted. This case is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2011
Central Islip, New York